IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA WEGENER, Mother, Guardian and next friend of NOAH WEGENER, <br><br> Plaintiff, <br><br> vs. <br><br> DEAN E. JOHNSON, <br><br> Defendant. | CASE NO. 8:04CV347 <br><br><br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 11) of the Defendant Dean E. Johnson, M.D. ("Dr. Johnson"). Dr. Johnson submitted a brief (Filing No. 12) and index of evidence (Filing No. 13) in support of his motion, and the Plaintiff, Angela Wegener ("Angela"), mother, guardian and next friend of Noah Wegener ("Noah"), a minor, submitted a brief (Filing No. 16) in opposition. For the reasons stated below, Johnson's Motion for Summary Judgment will be denied.

## FACTS

Dr. Johnson seeks summary judgment on the basis that Noah's claims are barred by the doctrines of claim preclusion and issue preclusion. The facts pertinent to the Court's analysis are undisputed.

When Angela was pregnant with Noah, she was a patient of Dr. Johnson in Nebraska. (Complaint, Filing No. 1, ¶¶1-4; Answer, Filing No. 4, ¶¶ I, IV). Angela experienced medical complications that led to Noah's premature birth on June 6, 1997. (Complaint ¶¶ 5-8; Answer ¶ VIII). Noah has certain disabilities, and Angela contends that those disabilities were proximately caused by negligence on the part of Dr. Johnson during Angela's pregnancy. (Id. ¶¶ 8-9).

In 1999, Angela and her husband, Greg Wegener ("Greg"), filed suit against Dr. Johnson in the district court of Platte County, Nebraska, alleging that Dr. Johnson was negligent in providing medical care to Angela during her pregnancy and that such negligence caused Angela physical, emotional and financial damage, and caused Greg loss of marital consortium, and financial damage related to the care and treatment of Noah. (Filing No. 13, Exhibit A.1.a., "Petition," and Exhibit A.1.e., "Amended Petition"). Following the presentation of the plaintiffs' evidence in a jury trial, the state district court judge granted Dr. Johnson's motion for a directed verdict on Greg's claim for damages related to the care and treatment of Noah. (Filing No. 13, Exhibit A.1.g., "Judgment on Verdict Reached by Jury" p.1). Following nine days of trial, the jury returned verdicts for Dr. Johnson and against Angela and Greg on the remaining claims, judgment was entered for Dr. Johnson, and the plaintiffs' amended petition was dismissed with prejudice. (*Id.,* pp. 1-4).

On July 28, 2004, Angela brought this action on behalf of Noah and against Dr. Johnson, invoking this Court's diversity jurisdiction. (Complaint, Filing No. 1). Dr. Johnson raised the affirmative defenses of res judicata and issue preclusion based on the judgment in the district court of Platte County, Nebraska (Answer, Filing No. 4, ¶ XI), and moved for summary judgment (Filing No. 11).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment

2

"bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

3

**DISCUSSION**

Dr. Johnson contends that the claims and issues raised by Noah in this action are identical to the claims and issues raised by Angela and Greg in their state-court action, and that Noah is estopped from bringing this action by the doctrines of claim preclusion and issue preclusion. Because this Court is sitting in diversity, it will apply Nebraska law on these rules of preclusion, recognizing that Nebraska is not only the forum state, but also the state where the cause of action arose and where the prior judgment was entered. See *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir. 1994); *W.F.M., Inc. v. Cherry County,* 279 F.3d 640, 643 (8th Cir. 2002).

Under Nebraska's doctrine of claim preclusion, or *res judicata*, "a final judgment on the merits is conclusive upon the parties in any later litigation involving the same cause of action." *Harsh Intern., Inc. v. Monfort Industries, Inc.*, 662 N.W.2d 574, 581 (Neb. 2003). Claim preclusion bars matters litigated and also matters that could have been litigated in the prior action. *Id.* Generally, claim preclusion does not bar a subsequent claim by someone who was not a party to the prior litigation, unless a party and the non-party were in privity. *R.W. v. Schrein*, 642 N.W.2d 505, 511 (Neb. 2002). Under Nebraska's doctrine of issue preclusion, judgment on an issue will be given preclusive effect if the current issue is identical to that raised and litigated in the prior action; it was material and relevant to the disposition of the prior action; and the determination of the issue was "necessary and essential" to the earlier judgment. *W.F.M.*, 279 F.3d at 643, citing *Jed Constr. Co. v. Lilly*, 305 N.W.2d 1, 3 (Neb. 1981).

In support of his motion for summary judgment, Dr. Johnson contends:

4

> The negligence of Dr. Johnson for these actions has already been adjudicated . . . . Dr. Johnson's actions during the relevant time period were found to have met the standard of care.

(Filing No. 12, Brief in Support of Defendant's Motion for Summary Judgment, p. 11).

> Dr. Johnson's alleged negligence in the treatment of Angela Wegener during her pregnancy in 1997 was the central issue at trial, as that was the sole basis for the lawsuit. . . . the jury found Dr. Johnson free of negligence. Thus, the negligence claims were raised and actually litigated at a trial. . . . Dr. Johnson's alleged negligence during Angela Wegener's 1997 pregnancy . . . was the lone issue at trial. . . . The jury's findings on the issue would control the disposition of the case.
> . . . .
> Whether Dr. Johnson was negligent in his treatment of Angela Wegener was the critical determination essential to the resulting judgment. The jury's findings on the issue would control for whom judgment would be entered. The jury found that Dr. Johnson was not negligent in his treatment of Angela Wegener.

(*Id.*, pp. 14-15).

> Greg and Angela Wegener fully represented Noah's interests in their lawsuit. . . . Noah Wegener was, in essence, a party to the first lawsuit.

(*Id.*, p. 12).

The record before this Court does not support these conclusions. Although the state court judge entered a directed verdict for Dr. Johnson on Greg's claims for medical expenses that Greg alleged he incurred for Noah's treatment, it is clear that the judge did *not* find that there was insufficient evidence from which a reasonable jury could conclude that Dr. Johnson was negligent in his treatment of Angela. The judge submitted the two other claims based on Dr. Johnson's alleged negligence to the jury, with the following instructions:

> Before the plaintiff, Angela Wegener, can recover against the defendant, the plaintiff, Angela Wegener, must prove, by the greater weight of the evidence, each and all of the following:

5

> 1. That the defendant was negligent in one or more of the ways claimed by the plaintiff, Angela Wegener;
> 2. That this negligence was a proximate cause of injury to the plaintiff, Angela Wegener;
> 3. That this negligence was a proximate cause of some damage to the plaintiff, Angela Wegener; and
> 4. The nature and extent of that damage.
> . . . .
> If the plaintiff, Angela Wegener, has <u>not</u> met this burden of proof, then your verdict must be for the defendant.
> On the other hand, if the plaintiff, Angela Wegener, <u>has</u> met this burden of proof, then your verdict must be for the plaintiff, Angela Wegener.
> . . . .
> Before the plaintiff, Greg Wegener, can recover against the defendant, the plaintiff, Greg Wegener, must prove, by the greater weight of the evidence, each and all of the following:
> 1. That the defendant was negligent in one or more of the ways as claimed in Part A above;
> 2. That Angela Wegener incurred injuries as a proximate result of the defendant's negligence;
> 3. That the plaintiff, Greg Wegener, and the plaintiff, Angela Wegener, were married at the time Angela Wegener incurred any such injuries;
> 4. That as a proximate result of any such injuries incurred by Angela Wegener, the plaintiff, Greg Wegener, also incurred a loss of his wife's consortium as well as incurred medical and hospital bills on her behalf; and
> 5. The nature and extent of that damage.
> . . . .
> If the plaintiff, Greg Wegener, has <u>not</u> met this burden of proof, then your verdict must be for the defendant.
> On the other hand, if the plaintiff, Greg Wegener, <u>has</u> met this burden of proof, then your verdict must be for the plaintiff, Greg Wegener.

(Filing No. 13, Ex. A.1.f. pp. 5-6, emphasis in original).

While Dr. Johnson would have this Court infer that the jury's verdict in favor of Dr. Johnson was a finding that he was free of negligence and met the appropriate standard of care in his treatment of Angela during her pregnancy, there is no evidence before this Court to support such a conclusion. It does not appear that there were any special interrogatories to the jury, and I cannot infer that the jury's verdicts were based on the plaintiffs' failure to meet their burdens of proof on *one* element of their causes of action,

6

rather than *others*.  Neither can I conclude that Angela and Greg "fully represented Noah's interests in their [state court] lawsuit."  The Complaint in this action alleges that Noah has cerebral palsy, spastic quadra paralysis, and is permanently disabled with a variety of physical and mental infirmities as a result of his premature birth.  No claim was made on behalf of Noah in the state court action.  While it may be true that Greg and Angela *could* have raised claims on behalf of Noah in the state court action, it is clear that *Noah* had no choice in the matter.  Equitable principles of estoppel should not preclude him from seeking compensation for his injuries.

     IT IS ORDERED:

     1.  The Defendant's Motion for Summary Judgment (Filing No. 11) is denied.

DATED this 6th day of May, 2005.

                                    BY THE COURT

                                    s/Laurie Smith Camp
                                    Laurie Smith Camp
                                    United States District Judge